IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.  No. CR 04-2362 JB

JAMES SANDOVAL,

    Defendant.

## MEMORANDUM OPINION

**THIS MATTER** comes before the Court on the Defendant's Motion for Disclosure of Law Enforcement Protocols & Training, filed June 28, 2005 (Doc. 47). The Court held a hearing on this motion on October 20, 2005. The primary issue is whether the United States is required to disclose law enforcement protocols and training with respect to investigations of child sexual abuse cases, including gathering evidence. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court has denied the motion.[1]

## FACTUAL BACKGROUND

On November 24, 2004, a grand jury indicted Sandoval charging that he did knowingly engage in and cause sexual contact with "Jane Doe [A]," a child under the age of 12 years, in violation of 18 U.S.C. § 1153 and §§ 2244(c) and 2246(3). Indictment, filed November 24, 2004 (Doc. 11). The Jane Doe A in the Indictment is Sandoval's four-year old daughter by his girlfriend

---

[1] The Court entered an Order denying the motion on February 16, 2006 (Doc. 97). In footnote 1 of that Order, the Court stated it might issue a memorandum opinion explaining the reason for its decision to deny the motion. This opinion more fully explains the Court's reasoning for its decision.

at the time of his arrest.  See Motion for Disclosure of Law Enforcement Protocols & Training ¶ 2, at 1.  Sandoval represents that he anticipates that the only evidence of abusive sexual contact will come from Jane Doe A herself, that there is no physical or medical evidence to support the charge, and that there are no witnesses to any alleged abusive sexual contact.  See id. ¶ 3, at 2.  Sandoval further asserts that Jane Doe A did not spontaneously volunteer an allegation of abusive sexual contact, but rather that the initial allegation came about by questioning from her mother after her mother witnessed "an ambiguous contact."  Id. ¶ 4, at 2.  Sandoval further asserts that Jane Doe A later made allegations to FBI Special Agent Travis Witt, while Witt interviewed Jane Doe A, and that such allegations were different from those she initially made to her mother.  See id. ¶ 5, at 2.

Sandoval contends that the interviews with Agent Witt were not recorded by either tape or video recording, and that the Form 302 report of the interview is not a verbatim account of the questions and answers from the interview.  See id.

Sandoval also asserts that Agent Witt interviewed Jane Doe B, Sandoval's 14 year old daughter by a former girlfriend, and Jane Doe B's mother.  See id. ¶ 7, at 3.  Sandoval represents that the interviews were not recorded, and that the Form 302 report is not a verbatim account of the questions and answers.  See id.  Sandoval further represents that Jane Doe B's mother's account of what Sandoval did to Jane Doe B in August 1992 differs from accounts that were given in 1992.  See id. ¶ 8, at 3.

Sandoval asserts that in January 2005, Witt interviewed Jane Doe A again, that the interview was not recorded, and that the Form 302 report is not a verbatim account of the interview.[2]

---

[2] For a more comprehensive factual background of the allegations in this case concerning Jane Doe A and Jane Doe B, see Memorandum Opinion and Order, filed March 7, 2006 (Doc. 103.)

## ANALYSIS

Sandoval contends that these documents will assist in the preparation of his defense. He argues that the interviewing techniques Agent Witt employed may have "wittingly or unwittingly," had the effect of "eliciting false or misleading statements, which may result in the presentation of false or misleading evidence in court." Id. at 4-5. That may be true, but the standard for discovery in criminal cases is different from the liberal standards in civil cases. The Court refers to its order and brief analysis in United States v. Neha, filed June 20, 2006 (Doc. 132).

"[E]vidence is material under Rule 16 only if a defendant shows that the evidence would have altered the outcome of the trial." United States v. Levitt, No. 98-2353, 1999 U.S. App. LEXIS 28888, at *9 (10th Cir. November 3, 1999). See United States v. Graham, 83 F.3d 1466, 1474 (D.C. Cir. 1996)("Under Rule 16, evidence is material if 'there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, . . . or assisting impeachment or rebuttal.")(quotations omitted)(emphasis added). The Court finds that the information Sandoval seeks is not material under rule 16, but rather appears to be an attempt at a fishing expedition to find material that might lead to some cross-examination at trial.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the District of
    New Mexico
Samuel L. Winder
Fred Smith
  Assistant United States Attorneys for the District of
    New Mexico
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Charles Fisher
Allison & Fisher
Albuquerque, New Mexico

      *Attorneys for the Defendant*