# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                No. CR 04-2362 JB

JAMES SANDOVAL,

      Defendant.

## MEMORANDUM OPINION

**THIS MATTER** comes before the Court on the Defendant's Motion for Disclosure of School Records, Health Records & Other Evidence, filed June 28, 2005 (Doc. 48). The Court held a hearing on this motion on October 20, 2005. The primary issue is whether the Court will require disclosures to Sandoval of additional school and medical records of Jane Doe A and Jane Doe B, and any tribal proceedings records involving Jane Doe A and Jane Doe B. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court has denied the motion.

## FACTUAL BACKGROUND

Jane Doe A is Sandoval's four-year old daughter. She is the alleged victim of the count of abusive sexual contact charged in the current Indictment. Jane Doe B is Sandoval's fourteen-year old daughter by a former girlfriend. The United States contends that Sandoval also had inappropriate contact with Jane Doe B. The United States intends to present both Jane Doe A and Jane Doe B as witnesses at trial.

## PROCEDURAL BACKGROUND

Sandoval represents that, on June 28, 2005, he received a letter dated June 27, 2005 from Assistant United States Attorney Sam Winder, stating that he will present a superceding indictment to a federal Grand Jury on June 28, 2005.  See Motion for Disclosure of School Records, Health Records & Other Evidence at 1 n.1.  On June 28, the date that Sandoval filed his motion, he did not know the particulars of the superceding indictment.  See id.  Sandoval seeks the records of the child witness(es), Jane Doe A and Jane Doe B.  See id. at 1.  Sandoval moves the Court for an order compelling the disclosure of school records, health records, and other evidence relating to certain United States witnesses from the appropriate institutions.  See id. at 1, 5.

The United States represented at the hearing that it has disclosed to Sandoval all such records that it has in its possession.  See Transcript of Hearing at 5:14-16 (taken October 20, 2005).[1]  The United States also represented to the Court that it would attempt to obtain and then disclose any medical records of Jane Doe A and Jane Doe B from the Indian Hospital in Albuquerque, and from the San Felipe Clinic.  See id. at 7:8-14.

## ANALYSIS

Sandoval seeks certain records that, realistically, may not be available to him, without parental authorization, law enforcement order, or court order.  On the other hand, the United States either has produced all responsive data it has in its possession, custody, or control, or will attempt to obtain some of the information and then produce it to Sandoval.  Rule 16(F) of the Federal Rules of Criminal

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

Procedure provides:

> Upon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:
>
>> (i) the item is within the government's possession, custody, or control;
>>
>> (ii) the attorney for the government knows – or through due diligence could know – that the item exists; and
>>
>> (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

The Court believes that as to the remaining requests -- school records, comprehensive medical history, and tribal court proceedings -- such information is not in the United States possession, custody, or control pursuant to rule 16 of the Federal Rules of Criminal Procedure, and thus the United States is not required to produce such information.  That the information is more easily accessible by the United States does not equate to possession, custody, or control.  The United States has represented that it has already turned over all material information in its possession, and that is all the rules require.[2]

_____

[2] Sandoval has not clarified to the Court whether the information sought is in the possession, custody, or control of another federal agency.  Indeed, Sandoval did not argue that the information was in the United States' possession, custody or control, but that it would be easier for the United States to obtain the information.  See Transcript of Hearing at 8:23-9:4.  The Court notes that "tangible objects will be considered as being in the possession of the government only if they are in the actual possession of the prosecutor or if the prosecutor has knowledge of and access to the objects while they are in the possession of another federal agency."  J. Moore, Moore's Federal Practice, § 616.05[1][e], at 616-64 (3d ed. 2005).  The United States has already gathered and produced information from the Santa Fe Indian Hospital and San Felipe clinic concerning Jane Doe A.  The United States has also stated that it would seek records for Jane Doe B at the Indian Hospital in Albuquerque and the San Felipe clinic.  Sandoval has not argued that the entities  in possession of the remaining information can be considered federal agencies or that the United States office has access to these at the hospitals or schools.  See id. at 616-54-54.1 ("Objects in the possession of state authorities, foreign governments, or private parties are not discoverable.").  See United States v. Badonie, No. CR 03-2062 JB, 2005 U.S. Dist. LEXIS 21917, at *5-7 (D.N.M. August 29,

Even if the information were in the United States' possession, the Court does not believe that the remaining discovery requests are for material information under rule 16 and it does not appear that the United States will use the information in its case-in-chief at trial.  The standard for discovery in criminal cases is different from the liberal standards in civil cases.  Rather than seeking material information, this appears to the Court to be a request for information that may or may not turn up relevant information that would help Sandoval in the manner of a fishing expedition.  See United States v. Graham, 83 F.3d 1466, 1474 (D.C. Cir. 1996)("Under Rule 16, evidence is material if 'there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, . . . or assisting impeachment or rebuttal.")(quotations omitted)(emphasis added).

Because the information is not within the United States' possession, custody, or control, and because Sandoval has not shown that the information is material, the Court will deny the motion.

_____
UNITED STATES DISTRICT JUDGE

---

2005)(holding that the United States in a criminal case does not have to produce material documents in the Navajo Nation's possession, custody, or control, and not in the possession, custody, or control of the United States).

*Counsel:*

David C. Iglesias
  United States Attorney for the District of
    New Mexico
Samuel L. Winder
Fred Smith
  Assistant United States Attorneys for the District of
    New Mexico
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Charles Fisher
Allison & Fisher
Albuquerque, New Mexico

      *Attorneys for the Defendant*